UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Greg Erickson & Diane Erickson, | Civil No. 11-3123 (MJD/FLN) |
| Plaintiffs, | |
| | **REPORT AND RECOMMENDATION** |
| v. | |
| Wells Fargo Bank, N.A., as trustee, Gina Anderson, | |
| Defendants. | |

Nicholas P. Slade for Plaintiffs.
David J. Krco for Defendant Wells Fargo Bank, N.A.

**THIS MATTER** came before the undersigned United States Magistrate Judge on March 23, 2012 on Defendant Wells Fargo Bank, N.A.'s Motion to Dismiss (ECF No. 7). The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. (ECF No. 11.) For the reasons set forth below, the Court recommends that Defendant's motion (ECF No. 7) be **DENIED**.

**I.   BACKGROUND**

The Ericksons owned a home at 19341 95th St. SE in Becker, MN until May 2005.[1] Compl. ¶¶ 1, 61-62, ECF No. 1. At some point in 2005, the Ericksons fell behind on their mortgage payments. *Id.* ¶¶ 10-11. Owing an accelerated balance of $196,102.24, the Ericksons faced foreclosure. *Id.* ¶¶ 12, 14. Around May 2005, the Ericksons encountered Money Tree Financial

---

[1]   In considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court assumes all the facts alleged in the complaint are true. *See Hamm v. Groose*, 15 F.3d 110, 112 (8th Cir. 1994).

LLC and Jeffrey Anderson–both non-parties. *Id.* ¶¶ 15-18. The Ericksons, Money Tree Financial, and Jeffery Anderson crafted an arrangement wherein the Ericksons would sell their property to Defendant Gina Anderson–Jeffrey Anderson's wife. *Id.* ¶¶ 15-19, 26-27, 33-35. This arrangement, Jeffery Anderson explained, "would save [the Ericksons'] home from foreclosure and allow them to stay in their home by selling it back to them under a contract for deed." *Id.* ¶ 26. Alternatively, Anderson said he would find a "private party 'investor' to provide [the Ericksons] with a loan to refinance" their mortgage. *Id.* ¶ 36.

On May 17, 2005, "just before the date set for the sheriff's foreclosure sale," Jeffery Anderson set up a closing on the property. *Id.* ¶¶ 30-31. Contrary to his previous assertions, Anderson informed the Ericksons that the transaction "would not involve a contract for deed, but rather a lease with [the] option to purchase." *Id.* ¶ 33. Although the Ericksons "expressed reservation" about this arrangement, Jeffery Anderson "informed them that they had to sign then and there because of the pending foreclosure action . . . ." *Id.* ¶ 35. The Ericksons "agreed to the purported sale based on [a] promise to reconvey the property to [them] under a[n] option to purchase." *Id.* ¶ 47. The Ericksons then signed and delivered a warranty deed to Defendant Anderson. *Id.* ¶¶ 61-62. Defendant Anderson subsequently recorded the deed. *Id.* ¶ 63. The Ericksons resided in the home both before and after the purported sale and did not, at any point, "intend[] to transfer their right of possession to the property." *Id.* ¶¶ 45, 50.

On May 17, 2005, also on the date of the closing, Defendant Gina Anderson encumbered the property by granting a security interest to Defendant Wells Fargo's predecessor-in-interest. *Id.* ¶ 64. Wells Fargo's predecessor-in-interest did not inquire as the Ericksons' interest in the property. *Id.* ¶ 66.

On October 30, 2007, the Ericksons exercised their right of rescission based on Defendant Anderson's alleged violations of Minn. Stat. §§ 325N et seq.  *Id.* at 11.  On October 21, 2011, the Ericksons filed the instant complaint, seeking a declaration that the security interest possessed by Wells Fargo is void.  Wells Fargo now moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

## II.   ANALYSIS

### A.   Standard of Review

A motion to dismiss a complaint for failure to state a claim is governed by Rule 12 of the Federal Rules of Civil Procedure.  Fed. R. Civ. P. 12(b)(6).  In considering a Rule 12(b)(6) motion, the court views the pleadings in the light most favorable to the nonmoving party and treats the alleged facts as true. *See Ossman v. Diana Corp.*, 825 F. Supp. 870, 879-80 (D. Minn. 1993). Conclusions of law made by the nonmoving party, however, are not "blindly accept[ed]." *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990).  A Rule 12(b)(6) motion to dismiss is granted when the factual allegations, even assumed to be true, do not entitle that party to relief. *See, e.g., Taxi Connection v. Dakota, Minn. & E. R.R. Corp.*, 513 F.3d 823, 826-27 (8th Cir. 2008).

Pleadings must "contain a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  Rule 8(a) has been interpreted to mean that a pleading must allege "enough facts to state a claim of relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  To satisfy the standard of facial plausibility, a claim must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  This plausibility determination is "context-specific" and "requires the reviewing court to draw on its judicial

experience and common sense." *Id.* at 1950. However, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but not 'shown'—'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). In ruling on a motion to dismiss, a court may consider facts in the public record and materials necessarily embraced by the pleadings without converting the motion to one for summary judgment. *See Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

**B.     The Ericksons have pled a plausible claim under Minn. Stat. §§ 325N et seq.**

Minn. Stat. §§ 325N et seq. are consumer protection statutes that govern foreclosure reconveyances. A "foreclosure reconveyance" is defined as:

(1)     the "transfer of title to real property by a foreclosed homeowner during a foreclosure proceeding . . ." and

(2)     "the subsequent conveyance, or promise of a subsequent conveyance, of an interest back to the foreclosed homeowner by the acquirer . . . that allows the foreclosed homeowner to possess either the residence in foreclosure or other real property, which interest includes, but is not limited to . . . [an] interest in . . [an] option to purchase, or [a] lease."

Minn. Stat. § 325N.10, subd. 3. A "foreclosure purchaser" is the "acquirer in a foreclosure reconveyance." *Id.*, subd. 4. The Minnesota foreclosure reconveyance statutes require foreclosure purchasers to, among other things, inform the foreclosed homeowners–in writing– that they have the right to rescind the contract within five business days and verify that the foreclosed homeowners have a "reasonable ability to make the lease payments and purchase the property within the term of the option to purchase." Minn. Stat. §§ 325N.11(a)(1), 325N.13, 325N.14(d), 325N.17(a).

Foreclosure purchasers are also forbidden from "transfer[ring], encumber[ing], or purport[ing] to transfer any interest in the residence in foreclosure to any third party. . . " or "pay[ing] the foreclosed homeowner any consideration" until after "the time during which the foreclosed homeowner may cancel the transaction has fully elapsed." Minn. Stat. § 325N.17(f)(3)-(4).

The Ericksons allege that they transferred title to their home to Defendant Anderson shortly before the date of the sheriff's sale based on a promise by Anderson's husband to grant them a lease with an option to purchase. Compl.¶¶ 33, 47, ECF No. 1. This transaction constitutes a "foreclosure reconveyance" as that term is defined in Minn. Stat. § 325N.10, subd. 3. Defendant Anderson is therefore a "foreclosure purchaser" under the statute. *See* Minn. Stat. § 325N.10, subd. 4. The Ericksons allege that Defendant Anderson did not inform them of their right to rescind the contract nor did she take steps to verify their ability to make the lease payments or to purchase the property within the option window. Compl.¶¶ 33, 47, ECF No. 1. The Ericksons further allege that Defendant Anderson paid them consideration even though they still retained the right to rescind. *Id.* ¶ 64. The Court finds that these allegations are sufficient to state a plausible claim under Minn. Stat. §§ 325N et seq.

**C.      Wells Fargo's status as a bonafide purchaser is an affirmative defense.**

Wells Fargo contends that the Ericksons do not state a plausible claim to relief under §§ 325N et seq. because: (1) the Ericksons bear the burden of showing that Wells Fargo's predecessor-in-interest was not a "bonafide purchaser or encumber[er] for value" and (2) the complaint contains no allegation that Wells Fargo's predecessor-in-interest violated the foreclosure reconveyance statutes, had notice of such a violation, or had notice of the Ericksons' interest in the property. Def.'s Mem. at 12, ECF No. 9; Def.'s Reply Mem. at 3, ECF No. 15.

A bonafide purchaser, also sometimes referred to as a good faith purchaser, is "someone who gives consideration in good faith without actual, implied, or constructive notice of inconsistent outstanding rights of others." *MidCountry Bank v. Krueger*, 782 N.W.2d 238, 244 (Minn. 2010). There are two different statutory provisions that protect bonafide purchasers in foreclosure reconveyance transactions. The "enforcement" statute, Minn. Stat. § 325N.18, subd. 3, provides that "[n]o action under this section shall affect the rights in the foreclosed property held by a good faith purchaser for value under sections 507.34, 508.48, 508A.48, or other applicable law." The "prohibited practices" statute, Minn. Stat. § 325N.17(f)(3), states that a transfer or encumbrance issued while the foreclosed homeowner may still rescind the contract shall not be "defeated or affected as against a bona fide purchaser or encumbrance for value and without notice of a violation of [the foreclosure reconveyance statutes]." Mere knowledge that a property is in foreclosure does not constitute notice of such a violation. Minn. Stat. § 325N.17(f)(3). That section, however, "does not abrogate any duty of inquiry which exists as to rights or interests of persons in possession of the residential real property in foreclosure." *Id.*

The Court finds that whether Wells Fargo's predecessor-in-interest was a bonafide purchaser is an affirmative defense upon which Wells Fargo bears the burden of proof.[2] *See Miller v. Hennen,* 438 N.W.2d 366, 369 (Minn. 1989) (burden of proving bonafide purchaser status under the

---

[2] Wells Fargo cites to *Finnegan v. Solie*, Civ. No. 10-4553 (DWF/JSM), 2011 WL 2672233 (D. Minn. July 8, 2011) for the proposition that a foreclosed homeowner bears the burden of showing that a foreclosing lender is not a bonafide purchaser under the foreclosure reconveyance statutes. The parties in that case, however, did not raise the issue of whether a party's bonafide purchaser status is an element of the plaintiffs' claim or an affirmative defense. Moreover, the *Finnegan* complaint did not "implicate any action that [the lenders] either took or failed to take." 2011 WL 2672233 at *4. Here, the Ericksons allege that they were in possession of the property and that Wells Fargo's predecessor-in-interest failed to inquire as to their interest in the property. Compl. ¶¶ 66-67, ECF No. 1. *Finnegan* does not apply.

recording act is on the party claiming to be a bonafide purchaser). Without expressing any opinion as to whether Wells Fargo could ultimately prevail on such a theory, the Court concludes that the Ericksons need not allege a set of facts to show that Wells Fargo is not a bonafide purchaser in order to survive a motion to dismiss pursuant to Rule 12(b)(6).[3]

### III. RECOMMENDATION

Based on the foregoing, and all the files, records, and proceedings herein, it is **HEREBY RECOMMENDED** that Defendant Wells Fargo Bank. N.A.'s Motion to Dimiss (ECF No. 7) be **DENIED**.

DATED: April 19, 2012　　　　　　　　　　　　　　　*s/ Franklin L. Noel*
　　　　　　　　　　　　　　　　　　　　　　　　　FRANKLIN L. NOEL
　　　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **May 3, 2012**, written objections that specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within fourteen (14) days after service thereof. All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by **May 3, 2012,** a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.

---

[3] Wells Fargo also argues that the Ericksons' claims for equitable relief are barred by the doctrines of laches and unclean hands. Def.'s Mem. at 14. Without expressing any opinion on the merits of Wells Fargo's contentions, the Court finds that these issues are better left for further motion practice.