UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Greg and Diane Erickson,                              Civil No. 11-cv-3123 (MJD/FLN)

           Plaintiffs,

      v.                                       **REPORT AND RECOMMENDATION**

Wells Fargo Bank, N.A.,
as Trustee for Gina Anderson,

           Defendant.

___

Nicholas Slade for Plaintiffs
David Krco for Defendant

___

**THIS MATTER** came before the undersigned United States Magistrate Judge on February 7, 2014 on Defendant's motion to enforce the settlement agreement (ECF No. 34). The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons set forth below, this Court recommends that Defendant's motion to enforce the settlement agreement be **GRANTED**.

## I. BACKGROUND

At some point in 2005, the Ericksons faced financial difficulty and fell behind on their mortgage payments.[1] ECF No. 1. The Ericksons entered into what they allege was a fraudulent deal with Jeffrey Anderson, an employee at Money Tree Financial. *Id.* What Anderson allegedly represented to the Ericksons as a refinance was a sale of the property to his wife, Gina Anderson. *Id.* In a desperate attempt to save their home, the Ericksons agreed to the sale based on the

___

[1] The Ericksons home is located in Sherbourne County at 19341 95th St. SE, Becker, Minnesota.

Andersons' promise to reconvey the property through an option purchase. *Id.* Wells Fargo gained a security interest in the property through its predecessor-in-interest at Anderson's closing. *Id.* The Ericksons continued living in the home. *Id.*

By July 2007, Gina Anderson stopped making mortgage payments.[2] Wells Fargo secured an eviction order in 2007 and 2011, but according to Defendant's counsel at the hearing, a writ to enforce the eviction orders was stayed during the pendency of this action. *See* Sherburne County District Court, Case Nos. 71-cv-07-789 and 71-cv-11-1051. On May 7, 2012, this Court denied Wells Fargo's motion to dismiss. ECF Nos. 22 and 19. Thereafter, the parties entered into settlement talks. On June 20, 2013, the Court was informed that the parties reached a settlement agreement. ECF No. 33. The settlement terms allowed the Ericksons to buy back their home for $30,000 by July 31, 2013 or for $36,000 by August 31, 2013. ECF No. 36. If they were unable to secure financing by the end of August, the Erickson's agreed to vacate the property. *Id.* In the end, the Ericksons were unable to secure the financing necessary to buy back their home. Wells Fargo brought this motion on December 13, 2013. ECF No. 34.

## II. CONCLUSIONS OF LAW

The Ericksons do not dispute that they are in breach of the settlement agreement. ECF No. 44. They agreed to vacate the property by August 31, 2013 if they were unable to secure a loan to buy back their home. They were unable to secure a loan and continue to reside in the home. Their only request is that the Court not force them out of their home during the winter months. *Id.*

---

[2] The Andersons eventually went into bankruptcy.

### III. RECOMMENDATION

Based upon the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that Defendant's motion to enforce the settlement agreement (ECF No. 34) be **GRANTED**, and that the Ericksons be ordered to vacate the property by March 15, 2014.

DATED: February 13, 2014                             *s/Franklin L. Noel*
                                                     FRANKLIN L. NOEL
                                                     United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **February 27, 2014** written objections that specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within **five (5) days** after service thereof.  All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by **February 27, 2014** a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.